UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONINA M. ABRON-ERVIN, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | NO. 3:10-0433 Judge Haynes/Bryant |
| GINA LODGE, Commissioner, et al. | ) ) | |
| Defendants. | ) | |

**TO: The Honorable William J. Haynes, Jr.**

### REPORT AND RECOMMENDATION

Defendants, Gina Lodge, Commissioner of the Tennessee Department of Human Services and the Department of Human Services, have filed their motion for summary judgment (Docket Entry No. 38), to which plaintiffs have responded in opposition (Docket Entry Nos. 57, 58, 59 and 60).

This motion has been referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 12).

For the reasons stated below, the undersigned Magistrate Judge recommends that this case be dismissed without prejudice under the abstention principles announced in Younger v. Harris, 401 U.S. 37 (1971).

### Statement of the Case

Plaintiffs Jonina M. Abron-Ervin and Lorenzo Ervin, proceeding pro se, have filed this action against Gina Lodge, Commissioner of the Tennessee Department of Human Services and the Department of Human Services (Docket Entry No. 1). Plaintiffs

allege that they have been wrongfully disqualified from receiving food stamps pursuant to the Tennessee Supplemental Nutrition Assistance Program ("SNAP") and they seek preliminary and permanent injunctions requiring the defendants to reinstate their food stamp benefits. Plaintiffs specifically challenge defendants' consideration of the annual distribution from plaintiff Abron-Ervin's retirement plan in calculating plaintiff's eligibility to receive food stamps under the income eligibility standard.[1] Plaintiffs, who are African Americans, allege in conclusory fashion that defendants' denial of food stamp benefits is based upon unlawful race and age discrimination, in violation of their right to equal protection under the Fourteenth Amendment to the U.S. Constitution.

Defendants in their motion for summary judgment argue (1) that they have correctly applied applicable law and regulations to determine plaintiffs' food stamp eligibility, and (2) that the

---

[1] Federal law establishes two separate standards for eligibility to receive food stamps. First, eligible households must not exceed a gross income standard. 7 U.S.C. § 2014(c). Subsections (d) and (e) of section 2014 describe certain exclusions and deductions that are not included in computing the household's gross income. Second, eligible households also must not exceed the maximum allowable financial resources, meaning liquid and nonliquid assets. 7 U.S.C. § 2014(g). Subsection (g) of section 2014 lists certain assets that are excluded from this allowable financial resources standard calculation. Significantly to this case, section 2014(g)(7)(A)(i) expressly excludes any funds held in a section 403(b) retirement account. For example, as of December 31, 2009, plaintiff Abron-Ervin had $29,161.89 in her section 403(b) retirement plan. (Docket Entry No. 39-1 at 24). Federal law provides, and defendants agree, that this sum is excluded for purposes of determining plaintiffs' food stamp eligibility under the section 2014(g) eligibility standard. Plaintiffs argue in addition that the $7,883.29 annual distribution from this retirement account received by Ms. Abron-Ervin in 2009 should not be counted as income under the § 2014(c) gross income standard. Defendants disagree.

plaintiffs' claims of race and age discrimination are wholly conclusory and do not meet the pleading standard of "plausibility" established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Summary of Pertinent Facts

In January 2009, plaintiffs applied for food stamps through a federal program administered in Tennessee by defendants Lodge, as Commissioner, and the Tennessee Department of Human Services. Plaintiffs were deemed eligible, and were awarded food stamps in an amount that eventually was increased to the maximum allotment of $367.00 per month. In August 2009, plaintiff Abron-Ervin received $7,883.29 as her annual distribution from her Section 403(b) retirement fund administered by the TIAA-CREF agency (Docket Entry No. 1 at 5). After plaintiffs reported this payment to defendants, plaintiffs' food stamp benefits were reduced from $367.00 to $120.00 per month. Plaintiffs filed a formal appeal of this reduction on August 25, 2009, and appeared at an administrative hearing on their appeal on October 6, 2009. The hearing officer issued an initial order on October 16, 2009 (Administrative Record Vol. 1A, pp. 24-30), which contained certain factual findings and returned the matter to the Department of Human Services for a determination of if and/or when other money had been received by plaintiff Abron-Ervin from the subject retirement account.

On November 9, 2009, the Department of Human Services notified plaintiffs that their food stamp benefits were to be

3

reduced from $367.00 to $198.00 per month, effective December 1, 2009, due to plaintiff Abron-Ervin's employment at Tennessee State University (Administrative Record, Vol. 1, p. 58; Vol. 3, pp. 805-06). On November 16, 2009, plaintiffs filed an administrative appeal from this action. On December 9, 2009, plaintiffs filed a "Petition for Judicial Review" in the Chancery Court for Davidson County, Tennessee (Docket Entry No. 39-1 at 1). On January 13, 2010, plaintiffs filed an "Amended Petition for Judicial Review" in their action in the Chancery Court for Davidson County. (Id.) On February 4, 2010, plaintiffs filed their complaint in this action (Docket Entry No. 1).

From and after the date of their filing of the complaint in this action, plaintiffs continued to litigate the judicial review of the defendants' administrative actions in the Chancery Court for Davidson County, Tennessee (Docket Entry No. 39-1).

## Analysis

In the case of Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court counseled federal courts to abstain from enjoining certain pending state court criminal proceedings. This doctrine is borne out of a "proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger, 401 U.S. at

44.

This doctrine has subsequently been expanded to apply both to ongoing state civil proceedings, see Huffman v. Pursue, Ltd., 420 U.S. 592 (1975), and ongoing state administrative proceedings, Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982).

A federal court should abstain only when three criteria are met, specifically: (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding. See Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003); Tindall v. Wayne County Friend of Court, 269 F.3d 533, 538 (6th Cir. 2001).

The determination of whether the underlying state proceeding is "ongoing" is to be made as of the date of the federal complaint's filing. If the state proceeding was pending at the time of the filing, the matter is considered ongoing for purposes of the first Younger inquiry. See Loch, 337 F.3d at 578 (citing Zalman v. Armstrong, 802 F.2d 199, 204 (6th Cir. 1986)). The action "remains pending until a litigant has exhausted his state appellate remedies." Id. (citing Huffman, 420 U.S. at 609). Here, the record appears clear that on February 4, 2010, when plaintiffs filed their complaint in this action, they also were pursuing a

judicial review of the defendants' actions in the Chancery Court for Davidson County, Tennessee, Case No. 09-2352-II (Docket Entry No. 39-1).

The second question in a <u>Younger</u> analysis is whether the state judicial proceedings implicate important state interests. The federal government has established a supplemental nutrition assistance program (SNAP) pursuant to which eligible households within a state shall be provided an opportunity to obtain a more nutritious diet through the issuance of food stamps. 7 U.S.C. § 2013 <u>et</u> <u>seq.</u> Within the state of Tennessee, the Tennessee Department of Human Services is charged with the responsibility for implementing the food stamp program. Tenn. Code Ann. § 71-5-301 <u>et seq.</u> The Family Assistance Division of the Department of Human Services has promulgated rules and regulations governing the financial eligibility requirements for the food stamp program. Tenn.Comp.R.& Regs. 1240-01-04 ([www.tenn.gov/sos/rules/rules2.htm)](www.tenn.gov/sos/rules/rules2.htm). There can be no serious question that the determination of eligibility to receive food stamps, and the resulting proper expenditure of public money, is an important state function. Accordingly, the undersigned Magistrate Judge concludes that the second element of the <u>Younger</u> abstention doctrine analysis is satisfied.

The final question in a <u>Younger</u> inquiry is whether the state proceeding offers an adequate opportunity for plaintiffs to raise constitutional challenges. <u>Squire v. Coughlan</u>, 469 F.3d 551, 556 (6th Cir. 2006). Tennessee law provides that if an application for food stamps is denied in whole or in part, or if an award of

food stamp assistance is modified or canceled, the applicant or recipient may appeal this action to the Department of Human Services, and such recipient or applicant has a right to a fair hearing on any adverse action regarding the applicant's eligibility for food stamp assistance. Tenn. Code Ann. § 71-5-309. In addition, if an applicant or recipient of food stamps is aggrieved by a final decision in a contested case before the Department of Human Services, such applicant or recipient is entitled to judicial review pursuant to the Tennessee Uniform Administrative Procedures Act. Tenn. Code Ann. § 4-5-322. In fact, the record in this case demonstrates that a right to judicial review of adverse rulings by the Department of Human Services is not only afforded to plaintiffs by Tennessee law, they have in fact availed themselves of such review, including judicial review in the Chancery Court for Davidson County, Tennessee. There is nothing to suggest that the Department of Human Services would not hear plaintiffs' constitutional challenge to the reduction of their assistance benefits, and plainly the Chancery Court proceedings offer full opportunity for the presentment of constitutional claims. <u>Watts v. Burkhart</u>, 854 F.2d 839, 847-48 (6th Cir. 1988).

   In summary, the undersigned Magistrate Judge finds that all three elements of a <u>Younger</u> analysis are satisfied in this case, and that the Court in its discretion should dismiss this action without prejudice under the abstention principles elucidated in <u>Younger</u>. See <u>Danner v. Board of Professional Responsibility</u>, 277 Fed. Appx. 575, 2008 WL 1987043 (6th Cir. May 6, 2008).

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice pursuant to the abstention principles announced in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 10th day of May, 2011.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge